_____

No. 95-2282
_____

George Scroggins,                  *
                                     *
    Appellant,              *
                                     *  Appeal from the United States
    v.                      *  District Court for the
                                     *  Eastern District of Arkansas.
Larry Norris, Director     *
Arkansas Department        *
of Corrections             *
                                     *
    Appellee.              *

_____

Submitted:  January 8, 1996

Filed:  March 6, 1996
_____

Before BEAM and MORRIS SHEPPARD ARNOLD, Circuit Judges, and
ALSOP,* District Judge.

_____

ALSOP, District Judge.

George Scroggins was convicted of possession of a controlled
substance with intent to deliver. His conviction was affirmed by
the Arkansas Supreme Court and subsequently he petitioned for
habeas corpus review pursuant to 28 U.S.C. § 2254. The petition

_____

*The HONORABLE DONALD D. ALSOP, United States District
Judge for the District of Minnesota, sitting by
designation.

-1-

presented 10 claims for relief. The district court[1] denied the petition deciding that some claims were barred on procedural grounds and the others failed on their merits.  Appellant now appeals the district court's decision on each of the claims. We affirm.

## I.

The relevant facts leading to Appellant's arrest and conviction of possession of a controlled substance with intent to deliver begin with the arrest of David Cains on September 29, 1990, several hours before Appellant was arrested. After Cains' arrest he agreed to cooperate with police officials and permit a recording device to be attached to his phone. Several calls between Cains and Appellant were recorded. One discussion concerned the delivery of "motorcycle parts" which Cains later testified to be a code word for methamphetamine. During the conversation Appellant agreed to meet Cains at his home that evening to deliver the "parts". Police placed Cains' house under surveillance and equipped Cains with a body mike to record the exchange between him and Appellant. Prior to Appellant's arrival Cains' home was searched by police to ensure that no drugs were present. After Appellant arrived, met with Cains, and departed police again searched his home and found methamphetamine under Cains' pillow in his bedroom. Sometime afterwards Appellant was stopped and arrested.

At a hearing on a motion to suppress statements taped during phone conversations between Cains and Appellant, Cains testified

---

[1]The Honorable Henry Jones, United States Magistrate Judge for the Eastern District of Arkansas. The case was transferred to the magistrate judge with the parties' consent in accordance with 28 U.S.C. § 636(c).

about events surrounding his meeting with Appellant the night of September 29, 1990 as well as previous dealings with Appellant.

He also answered questions from Appellant's counsel during cross-exam about the circumstances leading to Appellant's arrest including Cains' prior record and his agreement to cooperate with the police. After the hearing and before Appellant's trial Cains was murdered in an unrelated incident. Cains' testimony was offered and admitted into evidence in Appellant's trial.

## II.

Appellant's principal claim is that the trial court erred in admitting into evidence the transcript of the suppression hearing due to the unavailability of Cains. Appellant contends that the admission of the transcript from the suppression hearing violates his Sixth Amendment right to confront witnesses against him. To determine whether permitting the admission of an out of court statement because of the declarant's unavailability at trial violates the Confrontation Clause the Supreme Court applied a two part test in Ohio v. Roberts, 448 U.S. 56, 66 (1980). The first part requires that the declarant be unavailable. The second requires that the statement bear adequate "indicia of reliability". The Court held that "[r]eliability can be inferred without more in a case where the evidence falls within a firmly rooted hearsay exception." Id.

The admission of the transcript with Cains' testimony satisfies these requirements. The parties do not dispute that the declarant was unavailable. Appellant's contention is that the evidence violates the Confrontation Clause and the prior testimony exception in A.R.E. 804(b)(1) because he did not have a similar motive to develop the testimony at the suppression hearing as he would have had at trial. We find Appellant's cross-examination was sufficient to ensure that the testimony bears the

-4-

adequate indicia of reliability. As the district court noted, while a hearing on the suppression of telephone recordings by its

nature may have a more limited scope than a trial, the inquiry at the suppression hearing in this case went beyond issues relevant to the suppression of the recording. Appellant questioned Cains about the events leading up to Appellant's arrest as well as his prior involvement with Appellant in legitimate business transactions. His cross-examination also explored issues touching on Cains' credibility including prior bad acts and promises of leniency.

Appellant claims that the testimony is not reliable because he did not cross-examine Cains about information Appellant discovered after the suppression hearing, as he would have done at trial. Appellant cites no law showing that the Confrontation Clause requires the cross-examination conducted in a prior hearing to be the same as that conducted at trial. In Mancusi v. Stubbs, 408 U.S. 204 (1971) the Supreme Court rejected this line of reasoning and affirmed the admission of a transcript from a previous trial where counsel had not made any showing of a new and significantly material line of cross-examination that was not at least touched upon in the first trial. Id. at 215. The declarant in the present case was subject to extensive cross-examination by counsel in the suppression hearing. The cross-examination addressed the credibility issues Appellant claims were raised by the later-discovered materials and Appellant does not identify any new information in the discovery materials that would have significantly altered his line of cross-examination. Thus, the district court properly denied Appellant's Confrontation Clause claim.

We have carefully examined Appellant's remaining claims and agree with the well-reasoned analysis of the magistrate judge

that they all fail on their merits or are procedurally barred.

A true copy.


Attest:


                CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT